# EXHIBIT A

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | |
| SUMTER COUNTY | ) | C.A. No: 2022-CP-_____-_____ |

| | | |
|---|---|---|
| RHONDA BENENHALEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | SUMMONS |
| vs. | ) | (JURY TRIAL REQUESTED) |
| | ) | |
| SKF USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action a copy of which is hereby served upon you, and to serve a copy of your Answer to the Complaint on the subscriber at her office at 4000 Faber Place Drive, Suite 300, North Charleston, SC 29405 within thirty (30) days after the service thereof, exclusive of the day of service. If you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you.

Respectfully Submitted,

s/*Bonnie Travaglio Hunt*
Bonnie Travaglio Hunt
Hunt Law LLC
Federal Bar # 07760
SC Bar # 12341
Attorney for the Plaintiff
4000 Faber Place Drive, Suite 300, N. Charleston, 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709
Facsimile (843)492-5509
bthunt@huntlawllc.com

October 24, 2022

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

STATE OF SOUTH CAROLINA     )          IN THE COURT OF COMMON PLEAS
                            )
CHARLESTON SUMTER           )          C.A. No:  2022-CP-_____-_____

RHONDA BENENHALEY,          )
                            )
            Plaintiff,      )
                            )          COMPLAINT
vs.                         )          (JURY TRIAL REQUESTED)
                            )
SKF USA, INC.,              )
                            )
            Defendants.     )
_____)

### COMPLAINT AND JURY DEMAND

The Plaintiff, Rhonda Benenhaley, by and through her attorney, Bonnie Travaglio Hunt of Hunt Law LLC, does hereby complain against the above-named defendant, SKF USA, Inc., as follows:

### NATURE OF THE ACTION

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et seq.*).  The jurisdiction of this Court is invoked to secure protection of, and redress deprivation of rights guaranteed by federal law and state law which rights provide for injunctive and other relief for illegal discrimination in employment.

2. This action is brought pursuant to the Laws of the State of South Carolina as enforced by the South Carolina Human Affairs Commission.  This action is brought pursuant to the Laws of the United States of America and enforced by the Equal Employment Opportunity Commission.

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

3. This action is also brought pursuant to the Common Law of the State of South Carolina.

## PARTIES

4. Plaintiff is an adult female individual and a citizen of the United States.

5. At all times relevant to this complaint the Plaintiff was a resident of South Carolina and subject to the jurisdiction of South Carolina.

6. At all relevant times the Plaintiff was an employee of the Defendant, SKF USA, Inc. and at all times relevant hereto, the Plaintiff's job performance was more than satisfactory.

7. The Defendant, SKF USA, Inc. is a foreign entity operating within the State of South Carolina employing several individuals and is subject to the jurisdiction of the court.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 as the matter involves a federal question based on Sexual Discrimination, Age Discrimination, Hostile Work Environment, and Retaliation.

9. This Court has jurisdiction over this matter pursuant to the State of South Carolina Common Law.

10. The County of Sumter is the proper venue for this action because this is the District and Division in which a substantial portion of the acts of discrimination giving rise to the causes of action contained herein occurred.

## PROCEDURAL PREREQUISITES

11. That on August 3, 2021, the Plaintiff filed a Charge of Discrimination and U.S. Equal Employment Opportunity Commission Intake Questionnaire with the EEOC.   The

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

Charge set forth discrimination regarding Sex, Age, Retaliation and Hostile Work Environment.

12. That the Plaintiff's Charge of Discrimination set forth the following:

*"I.  That I was employed with the Employer from 2/24/2003 to present as a Human Resources Manager.*

*II.  That throughout my employment I have been considered an exemplary employee. However, when.*

*III.  That I was treated differently based on my age and sex.  That a younger male was treated more favorably and promoted to a position over me.*

*IV.  On March 15, 2021, I was subjected to a situation that was sexual in nature.  As a result of that situation, I submitted a Sexual Harassment complaint to Corporate Human Resources.  That after my complaint I was subjected to hostile work environment, subjected to a demotion and subjected to pretextual discipline.*

*V.  That my duties and responsibilities have changed several times since the hiring of a Sr. Human Resources Business partner over me.  That on March 17, 2021, I was informed that I was being demoted in duties and responsibilities not title.*

*VI.  That after my sexual harassment complaint and my complaint regarding discrimination I received an evaluation from the individual I complained about as a partial achiever which I had never received before.*

*VII.  That I was constructively discharged from my employment on 7/16/2021.*

*VIII.  That I was forced to resign as my work environment had become so hostile and retaliatory that no reasonable person would have remained employed.*

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

IX.  *That younger individuals have been treated more favorably and not disciplined, subjected to demotion or sexual harassment with a failure to investigate or discipline the individual responsible.*

X.  *That I am being treated differently based on my age, sex, and former complaints of discrimination, harassment, and retaliation.*

XI.  *That I have been discriminated against based on my age in violation of the Age Discrimination in Employment Act.*

XII.  *That I have been discriminated against based on my sex in violation of Title VII.*

XIII.  *That I was subjected to a hostile work environment based on my sex in violation of Title VII, age in violation of ADEA, and my former complaints regarding sex and age discrimination."*

13. That the EEOC Right to Sue was issued on September 22, 2022.

14. That the EEOC Rights to Set forth the following:

The EEOC has granted your request for a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.  The EEOC is terminating its processing of this charge.

Notice of Your Right to Sue:  This is official notice from the EEOC of the dismissal of your charge and your right to sue.  If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.  Receipt generally occurs on the date that you (or your representative) view this document.  You should keep a record of the date you received this notice.  Your right to sue based on this

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

charge will be lost if you do not file a lawsuit in court within 90 days.  (The time limit

for filing a lawsuit based on a claim under state law may be different.)

15. That fewer than ninety days have elapsed since the Plaintiff received the right to sue.

### FACTUAL BACKGROUND

16. The Plaintiff is a Caucasian female over the age of forty.

17. That the Defendant is a Precision Bearing Manufacturer located in Sumter South

Carolina.  The Defendant was formerly known as Kaydon.

18. The Plaintiff was hired by the Defendant on February 24, 2003, as Human Resources

Manager.

19. That the Plaintiff's employment ended with the Defendant on July 16, 2021, as the

Human Resources Manager.

20. That the Plaintiff was an employee as defined by State Law, Federal Law, Title VII

and ADEA.

21. That the Defendants are employers as defined by State Law, Federal Law and Title

VII.

22. That the Plaintiff was considered an exemplary employee.

23. That in May 2019, Marcus Jakob joined the Sumter, SC SKF Team as the Director of

Operations.

24. October of 2019, Lisa Rupp joined the Landale, Pa. Corporate office as a Strategic

HR Business Partner for Manufacturing.

25. In December of 2019, a business case was submitted to hire Alan Banner a former

employee of Kaydon who was terminated from his employment and was now a

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

contract employee for SKF.  The Plaintiff and others protested the hiring of Alan Banner due to previous interactions.

26. On January 23, 2020, Marcus Jakob published confidential information to an unknown third party.  The Plaintiff reported this information to HR corporate.

27. The Plaintiff began to see a difference in the way she was being treated compared to others.

28. Marcus Jakob started treating the Plaintiff differently than her younger male coworkers.  Marcus Jakob started trying to push the Plaintiff out of her position with the Human Resources Department.

29. In July 2020, Anders Carlsson joined SKF in Sumter.  When Carlsson joined SKF, Jakob decided to push the Plaintiff out.  Jakob held a meeting to try to convince Carlsson that the Plaintiff needed to be cross trained and wanted to transfer her to quality.  The Plaintiff had no experience in quality and did not wish to move.  When the Plaintiff refused Jakob began a campaign to transfer the Plaintiff to the EHS Department.

30. On January 7, 2021, the Plaintiff informed Jakob that he was discriminating against her and trying to force her out of the Human Resources department.

31. On January 11, 2021, Jakob instructed the Plaintiff she needed to change her orthodontics appointment so she could be at a staff meeting.  The Plaintiff could not change the appointment.

32. On February 9, 2021, the Plaintiff and her husband tested positive for COVID.

33. The Plaintiff worked at home the entire time she had COVID so as to not interrupt the operation of Human Resources.

7

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

34. On February 17, 2021, the Plaintiff sent an email requesting to convert a temporary employee to a permanent employee. At that time, the Plaintiff was informed that the HR generalist position was going to be eliminated and the Temporary employee would be HR Administrator/Recruiter. The Plaintiff protested that in order to do so they would have to do PIP process and there would be no justification for eliminating Jamie Gowdy's position.

35. The Plaintiff was to return to the Plant on February 19, 2021 from COVID. The Plaintiff developed shingles from the stress and was unable to return on the 19th. The Plaintiff returned on February 22, 2021. When the Plaintiff returned she was subjected to inappropriate joking from Jakob regarding COVID/Shingles.

36. Early March 2021, the Plaintiff was informed that the Defendant would be posting a position for Senior Human Resources Business Partner. The Position would be reporting directly to Marcus Jacob.

37. In Early March 2021, Marcus Jakob went over the Plaintiff's performance review with her. Jakob never made any negative statements regarding the Plaintiff's performance.

38. On March 8, 2021, the Plaintiff was informed that the Defendant had started the interview process for the Sr. HR Business Partner position.

39. On March 9, 2021, the Defendant interviewed Brian Reilly for the position of Sr. Strategic HR.

40. The plaintiff applied for the position and was scheduled for an interview for March 11, 2021 @ 5:00pm. The notice for the interview came at 5:19p.m. the day before the interview was scheduled AFTER the plaintiff had gone home for the day. The failure

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

to provide the Plaintiff with a relevant amount of time was an intentional act to ensure that she was not prepared for the interview.

41. On March 11, 2021, the plaintiff was interviewed for the Sr. Business Partner position. The interview was awkward because Mark Jakob did not participate. The position was to report directly to Jakob. The interview did not go well as the Defendant failed to provide the Plaintiff with any time to prepare.

42. In March 2021, Jakob was required to go to Finland on a business trip. While in Finland he was injured in a snow mobile accident.

43. On March 13, 2021, Jakob had a video chat with the Plaintiff from his hospital bed. Jakob was not dressed and was naked from the waist up. The Plaintiff considered this inappropriate. The Plaintiff reported it to her Strategic HR Business Partner. The Plaintiff's Strategic HR Business Partner reported the incident to her boss, Amy Sliwinski. Ms. Sliwinski instructed the Plaintiff to file a Hotline Complaint. The Plaintiff made a Hotline Complaint for sexual harassment. The Plaintiff was interviewed by John Stevens for the incident from the hospital bed and a landscaping day at the plant where Jakob was outside without a shirt on at the plant.

44. On March 17, 2021, Amy Sliwinski informed the Plaintiff's Strategic HR Business Partner she needed to process a formal complaint.

45. On March 17, 2021, the Plaintiff was informed that Brian Reilly had been hired for the position of Strategic HR Business Partner. When the information was provided to the Plaintiff, she was informed that "There was a place for you at SKF." The Plaintiff was informed that she lacked the operational side of the business and needed to be more strategic. The Plaintiff was also informed that the new person would mentor the

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

Plaintiff.  The Plaintiff was also informed that she needed to stay in her office and Reilly would be placed in another office on the other side of the building.

46. The Plaintiff had been performing the new position created for Reilly for years and now they were placing a male over the Plaintiff.

47. On April 7, 2021, the Plaintiff was reviewing her performance Review and discovered that Jakob had graded her a partial achiever.  Jakob had not discussed then during the conversation in the beginning of March.  The negative evaluation was in retaliation for her reports regarding sexual harassment and differential treatment.

48. The Plaintiff had never received an evaluation setting forth partial achiever in the 18 years employed with Kaydon/SKF.  Jakob had not counseled the Plaintiff in any way or provided an commentary on why she was receiving such a low evaluation.  The Partial Achiever rating results in the employee being placed on a Performance Improvement Plan Jakob had found his way to getting rid of the Plaintiff as an employee.

49. At no time during her employment did Jakob inform the Plaintiff that she did not meet expectations.

50. On April 9, 2021, the Plaintiff complained about the evaluation to Corporate VP HR Compliance Officer that she felt he had received the Partial Achiever in retaliation for her Formal complaint of Sexual Harassment.  An investigation was conducted into the evaluation and the evaluation was changed from a Partial Achiever to Met expectation.

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

51. As a result of the change to Met Expectation the Plaintiff received a bonus.  However, this action of changing her evaluation seemed to induce Jakob to be more inclined to push the Plaintiff out of SKF.

52. On April 12, 2021, SKF the younger male took the position of Senior Human Resources Business Partner, Brian Reilly.  Reilly had been unemployed for a year and had no bearing experience.  Reilly was hired and was paid significantly more than the Plaintiff.  The Plaintiff had been performing Reilly's position without compensation. After learning this, the Plaintiff complained about the situation and the pay.

53. That even though the Defendant had hired Reilly the Plaintiff was still performing the duties and responsibilities of the Sr. Human Resources Business Partner as Reilly failed and refused to do certain aspects of his position.

54. On April 13, 2021, an email was received by the Plaintiff from Amy Sliwinski and Jon Stevens (Corporate Compliance Office).   The Plaintiff was informed that Sliwinski and Stevens had identified goals that were part of her 2020 performance evaluation that were deemed unachievable or difficult to measure and they had changed her evaluation to Full Achiever.  The Plaintiff was further informed that she would receive her pay increase.   The Plaintiff forwarded the email to Ted Barry (legal) and thanked him for his assistance.

55. On April 13, 2021 a meeting notice was received by the Plaintiff.  During the meeting the Plaintiff was told that she needed to deal with the situation or accept a severance package.  The Plaintiff was further informed that she was not permitted to discuss her evaluation, her complaints or the hiring of Brian Reilly.

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

56. At this time, the Plaintiff considered herself to have been demoted considering she had been the HR manager for years and had now had a man placed over her.

57. That the Plaintiff witnessed other women being demoted in the plant with men being placed in supervisory positions and paid more.

58. On April 16, 2021, the Plaintiff received notice that she was removed from all Staff Meeting Notifications.

59. On April 16, 2021, the Plaintiff was instructed to move out of her office to a cubical with the HR Generalist or an office beside the cafeteria.

60. On April 19, 2021, the Plaintiff participated in a meeting where her job description was reviewed.  The majority of the Plaintiff's responsibilities were removed.

61. On April 19, 2021, the Plaintiff was approached by Jakob in her office.  Jakob requested to meet with the Plaintiff.  Jakob closed the door and began to discuss the hiring of Brian Reilly and the Plaintiff's evaluation.  The Plaintiff informed him that she was not supposed to talk about either of these subjects.  After Jakob left her office she reported the information to Amy Sliwinskii.

62. On April 20, 2021, the Plaintiff was instructed to move her office to the cubical with the HR Generalist.

63. On April 22, 2021, the Plaintiff had a discussion with Reilly regarding him paying an employee an extra $615.00 per month in order to entice him to stay with the Company. The Plaintiff informed Reilly that he needed to be careful or other employees would resign in order to receive more money.  Reilly informed the Plaintiff that he would tell others "No" and to "F" off.  The Plaintiff asked Reilly if he

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

had discussed this with Rupp.  Reilly informed the Plaintiff no Rupp had been out all week.

64. On April 30, 2021, the Plaintiff received a meeting request from Reilly and Stevens. Reilly and Stevens refused to tell the Plaintiff what the meeting was about so that she could not be prepared.  Stevens informed the Plaintiff that he had investigated complaints by 2 female employees regarding a male employee.  The male employee was wasting the time of the 2 female employees and making inappropriate comments. Stevens asked the Plaintiff what her relationship was with this employee and why employees believed there was something going on.  The Plaintiff was further informed that she had failed to read information into the lady's report and should have followed up.  The Plaintiff believed this was retaliatory counseling regarding her complaints and an attempt of her male supervisors to discipline her for a pretextual issue.

65. On May 21, 2021, another meeting was called to discuss a safety violation.  The Plaintiff learned of the violation that was committed by Jakob and Banner in the plant.  The Plaintiff instructed the manager to report the incident, or she would.  The Plaintiff did not want to report the incident because she did not want it to be seen as retaliation against Jakob.  The Plaintiff reported the incident to another manager who immediately reported the incident.  The Plaintiff was counseled for not reporting the incident whereas no one else was.   The counseling was in retaliation for her complaints.

66. On June 12, 2021 the Plaintiff submitted her resignation due to the hostile work environment, sexual discrimination, and retaliation. The Plaintiff specifically stated the following:

> It is with great disappointment that I submit this letter. I've devoted the past eighteen years of my working life to Kaydon/SKF. For the first 16 years of my tenure, I worked tirelessly to provide HR leadership and support to the organization, and received recognition for the value that I brought to the Organization. I did this while at the same time improving myself through HR specific seminars and courses, and completing my four-year degree. The latter was completed without the customary recognition of an adjustment to my salary, which was the first action by current Plant Management in which I was treated unfairly.
>
> For the past two years, I have tried to continue providing support to our Plant leadership team, and to Plant Manager. This job was made even more difficult by the lack of Plant Manager communications at all, or at best directions that were very confusing. As with HR at any manufacturing plant, sometimes my job called for giving advice and guidance that may be uncomfortable for Plant Management to hear. For my courage in bringing these clearly HR issues to Plant Management, I was rewarded by increased unfair treatment and disrespect.
>
> Within the past six months, I have been blatantly disregarded for consideration for a new HR position that was essentially my current position description; I have been offered a severance package to leave, and told that if I stayed I could not question Managements' decisions; I have been falsely accused of having an extramarital relationship with a co-worker; and I have been removed from my Staff-level position and relegated to an HR Generalist position.
>
> This hostile work environment that has been created for me, and the continued unfair treatment and disrespect have become more and more detrimental to my health. Although SKF has made it a high probability that I will have to accept a salary and benefit package with a future employer that is somewhat lower than my current compensation, I have no option other than to submit this letter of my resignation from SKF as HR Manager effective July 16, 2021.

67. On July 14, 2021, the Plaintiff received an email from Brian Re3illy requesting further information regarding her Ethics complaints, hostile work environment complaints and retaliation complaint.

68. The Plaintiff left her employment on July 16, 2021.

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

69. The Defendant failed and refused to follow their own policies and procedures regarding the Plaintiff's complaints regarding discrimination, differential treatment, sex discrimination, hostile work environment and retaliation. The Plaintiff's complaint regarding sexual harassment was never addressed with the Plaintiff.

70. That the Plaintiff utilized any and all policies, procedures and laws at her disposal and the Defendant failed and refused to protect her from discrimination and hostile work environment.

71. That the Plaintiff reported the behavior to Corporate Human Resources with absolutely no investigation. Brian Reilly received other complaints regarding sexual discrimination within the plant but failed and refused to investigate.

72. That the Defendant is the direct and proximate cause of damage to the Plaintiff.

73. That the Plaintiff was discriminated against based on her sex that all younger employees and other male employees were treated more favorable based on their sex and age.

74. That the Defendant failed and refused to promote the Plaintiff based on her age and sex and in retaliation for her complaints regarding sexual harassment.

75. That the Plaintiff was retaliated against when she reported discrimination, hostile work environment, failed to follow proper protocols, etc.

76. That the Plaintiff is entitled to actual, consequential, compensatory, punitive damages and attorney's fees and costs from the Defendant for their illegal actions against the Plaintiff when they discriminated against her, retaliated against her, and allowed employees to harass her.

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

77. That Defendant wrongfully discriminated against the Plaintiff in violation of Title VII and the ADEA.

78. That each of the reasons presented by the Defendant for each and every action taken against the Plaintiff were pretextual.

79. Defendant's actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress.

80. As a result of Defendant's actions of discriminating against the Plaintiff based on her sex and age, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries for all of which she should be compensated.

81. That the Defendant is the direct and proximate cause of injury to the Plaintiff.

82. That as a result of Defendants' actions of retaliating against the Plaintiff and creating a hostile work environment the Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

83. Defendants engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against Plaintiff on the basis of her sex and age. These practices and policies include, but are not limited to, failing and refusing to properly investigate the Plaintiff's reports of sexual discrimination, age discrimination, differential treatment, and hostile work environment, failing to properly utilize its

own policies and procedures in the prevention of discrimination and hostile work environment, and failing to prevent the constructive discharge of the Plaintiff.

**FOR A FIRST CAUSE OF ACTION**
**DISCRIMINATION HOSTILE WORK ENVRONMENT AND RETALIATION**
**IN VIOLATION OF TITLE VII AND AGE DISCRIMINATION IN**
**EMPLOYMENT ACT**

84. That Paragraphs one (1) through eight-three (83) are hereby incorporated verbatim.

85. That the Plaintiff was an employee of the Defendant at all relevant times to this action.

86. That the Defendant is an employer in accordance with Title VII and the ADEA.

87. That the Defendant subjected the Plaintiff to a hostile work environment and harassment based on her sex and age. The Defendant perpetrated a work environment that subjected women to differential treatment. That other younger male employees were treated more favorably than the Plaintiff. That the Plaintiff's experience and history of employment were blatantly ignored.

88. That the Plaintiff's work environment was abusive, to the point of severe and pervasive.

89. The Plaintiff was subjected to sexual discrimination, age discrimination, hostile work environment based on sex and age, and retaliation based on her complaints.

90. That the Defendant had policies and procedures but failed and refused to follow those procedures.

91. The Defendant failed and refused to investigate the Plaintiff's complaints regarding sexual harassment, discrimination based on differential treatment.

92. That the Plaintiff was demoted.

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

93. That the Defendant failed and refused to promote the Plaintiff based on her sex and age.

94. That the Defendant hired a younger less experienced individual and placed him over the Plaintiff.

95. That at no time did the Defendant by and through its management handle the Plaintiff's complaints of sex and age discrimination properly and in fact management created a significantly severe and pervasive work environment as a result of the Plaintiff's complaints. That the Defendant and its management attempted to create an environment so hostile that the Plaintiff would leave her employment.

96. That the Defendant treated the Plaintiff differently based on her sex when it disciplined her for pretextual reasons and gave her a negative evaluation.

97. That the Defendant failed and refused to address the situation.

98. That the Plaintiff suffered severe emotional distress as a result of the Defendant hostile work environment based on the Plaintiff's sex and age, her reports of differential treatment and hostile work environment.

99. That the Plaintiff's severe emotional distress was foreseeable as a result of the severe and pervasive work environment that the Defendant subjected the Plaintiff.

100. That the Plaintiff has been damaged as a result of the Defendant's work environment.

101. That the Defendant is the direct and proximate cause of damage to the Plaintiff.

102. That the Plaintiff is entitled to actual, compensatory, consequential and punitive damages from the Defendant as a result of the hostile work environment based on sex

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

discrimination, age discrimination and retaliation for complaints regarding discrimination.

103.    That the Plaintiff is entitled to attorney's fees and costs from the Defendant.

## FOR A SECOND CAUSE OF ACTION
## DISCRIMINATION HOSTILE WORK ENVRONMENT AND RETALIATION IN VIOLATION OF TITLE VII AND AGE DISCRIMINATION IN EMPLOYMENT ACT

104.    That Paragraphs one (1) through one hundred and three (103) are hereby incorporated verbatim.

105.    The Defendant is an employer as defined in Title VII and the ADEA.

106.    That the Plaintiff is an employee as defined by Title VII and the ADEA.

107.    That while the Plaintiff was employed with the Defendant the Plaintiff was able and had performed her job duties in a satisfactorily level of the Defendant.

108.    That the Plaintiff was subjected to sex discrimination and age discrimination. That the Defendant was well aware of the issues with the plant and women being treated differently as they had received other complaints.

109.    That the Plaintiff's employer discriminated against the Plaintiff based on her sex and age.

110.    That the Defendant is the proximate and direct cause of damage to the Plaintiff.

111.    That the Plaintiff has suffered severe emotional and career damages as a result of the Defendant discrimination against the Plaintiff.

112.    That in discriminating against the Plaintiff based on consideration of her age and sex, the Defendants violated 42 U.S.C. 2000e, et seq. Title VII and the Age Discrimination in Employment Act.

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

113. That as a direct result of the Defendants' violation of Title VII and the ADEA the Plaintiff has suffered:

      a.     Economic damages from the loss of her position;

      b.     Loss of benefits associated with loss of her position;

      c.     Economic hardship;

      d.     Suffered anxiety, humiliation and emotional damages.

114. That the Plaintiff is entitled to recover damages from the Defendants in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to Title VII.

### FOR A THIRD CAUSE OF ACTION
### DISCRIMINATION HOSTILE WORK ENVRONMENT AND RETALIATION IN VIOLATION OF TITLE VII AND AGE DISCRIMINATION IN EMPLOYMENT ACT

115. That Paragraphs one (1) through one hundred and fourteen (114) are hereby incorporated verbatim.

116. That the Plaintiff was an employee according to the law of the State of South Carolina, Federal Law including but not limited to Title VII and the Age Discrimination in Employment Act.

117. That the Plaintiff complained of discrimination based on sex and age.

118. As a result of the Plaintiff's complaints the Plaintiff suffered retaliation for each of her complaints. The Plaintiff was demoted, received unwarranted counseling's, was accused of having an affair, and received negative evaluations.

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

119.    That the act of accusing the Plaintiff of having an affair defamed the Plaintiff and caused great personal strife for the Plaintiff.

120.    As a result of the Plaintiff's complaints regarding sex and age discrimination the Defendant retaliated against the Plaintiff.

121.    The Defendant's actions described herein were intentional and inflicted upon Plaintiff to insure severe mental and emotional distress.

122.    As a result of Defendant's actions, the Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries for all of which she should be compensated.

123.    That the Defendant is the direct and proximate cause of injury to the Plaintiff.

124.    That the Plaintiff is entitled to an award of damages from the Defendant.

## FOR A FOURTH CAUSE OF ACTION

## NEGLIGENT SUPRVISION

125.    That Paragraphs one (1) through one hundred and twenty-four (124) are hereby incorporated verbatim.

126.    That the Defendant negligently supervised its employee Jakob subjecting the Plaintiff to severe emotional distress in violation of the law.

127.    That the Workers Compensation exclusivity exception does not apply as the acts of Jakob were intentional to cause the Plaintiff harm and force her resignation.

128.    The Defendant was fully aware of the retaliation and hostile work environment that was occurring regarding the Plaintiff and failed and refused to change or correct

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

the behavior of its employee allowing severe extreme emotional distress to be inflicted upon the Plaintiff without repercussions.

129.    Jakob was allowed to randomly change the Plaintiff's terms and conditions, failed to force others to perform their positions and treat the Plaintiff with the respect of her education and position, failed and refused to correct behavior of other employees, failed and refused to control the work environment and inflicted severe emotional distress upon the Plaintiff without repercussions because the Defendant refused to properly supervise its employees.

130.    The Defendant was permitted without hinderance to harass Plaintiff with demotion, discipline, and a inappropriate work environment.  The Defendant's handling of the discipline was inappropriate and a violation of the policies and procedures of SKF. SKF was aware of Jakob and others' actions but failed and refused to correct the behavior in compliance with policies and procedures.

131.    That the Defendant owed the Plaintiff a duty to protect the Plaintiff from the wrongful acts of its employees.

132.    The Defendant failed and refused to protect the Plaintiff and allowed Jacob and others to Harass the Plaintiff employment without justification.

133.    That the Defendant breached the duty it owed to the Plaintiff by not properly supervising its employees.

134.    That the negligent supervision of these employees caused the Plaintiff significant damages.

135.    That the Defendant had actual knowledge of its employees actions of making false statements regarding the employees in order to have them viewed in a false

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685

light.  However, the Defendant failed and refused to protect its employees in violation of their own policies and procedures.

136.    That the Defendant is the proximate and direct cause of damages to the Plaintiff.

137.    That the Plaintiff is entitled to an award of damages from the Defendant for their negligent supervision of their employees in the amount of actual, compensatory, and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE plaintiff prays that this Honorable Court:

a)  accept jurisdiction over this matter, including the pendent claim;

b)  empanel a jury to hear and decide all questions of fact;

c)  award all damags availale to the Plaitniff pursuant to the law of Age Discrimination in Employment Act for unlawful discrimination, harassment and retaliation;

c)  award all damages available to the Plaintiff pursuant to the law of Title VII for discrimination, harassment, and retaliation;

d)  award to plaintiff all consequential and compensatory damages against the defendant as permitted by State and Federal Law;

e)  award to plaintiff punitive damages of against defendant Defendant for their malicious and spiteful pattern of sexual discrimination and harassment;

f)  Award the Plaintiff any and all damages against the Defendant for their illegal actions against the Plaintiff including actual, consequential, compensatory, and punitive damages pursuant to the Common Law of the State of South Carolina;

g) award to plaintiff the reasonable attorneys' fees and costs incurred in the prosecution of this matter;

h) permanently enjoin the defendants, their assigns, successors, agents, employees and those acting in concert with them from engaging in sexual discrimination, disparate treatment or retaliation against plaintiff and

i) enter any other order the interests of justice and equity require.

HUNT LAW LLC


_s/Bonnie Travaglio Hunt_
Bonnie Travaglio Hunt
HUNT LAW LLC
4000 Faber Place Drive, Suite 300
North Charleston SC 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709

Dated: October 24, 2022

ELECTRONICALLY FILED - 2022 Oct 24 9:01 AM - SUMTER - COMMON PLEAS - CASE#2022CP4301685